EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a declaratory judgment action.
Two surface mining corporations (the operators) sought a determination of the applicability to their operations of the Alabama Surface Mining Reclamation Act of 1975, §§ 9-16-30 to -53, Code of Alabama 1975, and a decision as to whether the Alabama Surface Mining Reclamation Commission (the commission) had the authority to enforce the provisions of that act against the operators who in July 1981 extracted coal only incidentally to other materials, shale and clay, which coal did not exceed sixteen and two-thirds percent of the tonnage of materials removed by them for commercial use or sale. The trial court held that the provisions of the 1975 Alabama act did not apply to such incidental removal of coal and that the commission did not have authority to enforce that act’s provisions against operators so incidentally mining coal. The commission appealed.
Pursuant to §§ 9-16-1 to -15, Code of Alabama 1975, the operators were licensed by the Department of Industrial Relations of the State of Alabama to remove shale and clay from certain parcels of land. In the process of surface mining the shale and clay, certain coal mining was incidentally done. It was stipulated that the coal so mined by the operators did not exceed sixteen and two-thirds percent of the tonnage of materials which the operators removed for the purposes of commercial use or sale. The operators were cited by the commission for not having a coal surface mining permit, for not posting a reclamation bond and for violating blasting regulations from July 22-29, 1981, in violation of the 1975 Alabama act.
Congress enacted the Surface Mining Control and Reclamation Act of 1977 (the federal act). 30 U.S.C. Chapt. 25.
In November 1980, the commission was enjoined, by this same circuit court but in other litigation, from submitting or resubmitting any program pursuant to the requirements of the federal act, and the commission was therein ordered to continue the enforcement of the regulatory scheme “now in existence.” The stating portion of the injunction quoted the following portion of the federal act:
“For the purposes of this section and section 1254 of this title, the inability of a State to take any action the purpose of which is to prepare, submit or enforce a State program, or any portion thereof, because the action is enjoined by the issuance of an injunction by any court of competent jurisdiction shall not result in a loss of eligibility for financial assistance under subehapters IV and VII of this chapter or in the imposition of a Federal program. Regulation of the surface coal *285 mining and reclamation operations covered or to be covered by the State program subject to the injunction shall be conducted by the State pursuant to section 1252 of this title, until such time as the injunction terminates or for one year, whichever is shorter, at which time the requirements of this section and section 1254 of this title shall again be fully applicable.”
30 U.S.C. § 1253(d).
By operation of that provision of the federal act, the injunction automatically imposed § 1252 as being the regulatory scheme then in existence for enforcement by the commission. The commission’s regulation of surface coal mining in Alabama was required to be conducted pursuant to § 1252, which governs and pertains to “surface coal mining operations.” In defining that term, the federal act contains the following:
“ ‘[SJurface coal mining operations’ means—
“(A) activities conducted on the surface of lands in connection with a surface coal mine .. . Provided, however, That such activities do not include the extraction of coal incidental to the extraction of other minerals where coal does not exceed 16⅜ per centum of the tonnage of minerals removed for purposes of commercial use or sale.... ”
30 U.S.C. § 1291(28)(A).[1]
In its scholarly brief, the commission admits that it enforced all of the federal provisions except for that incidental mining proviso.
The federal act specifically excludes from regulation the incidental surface mining of coal in such restricted amounts. Here, the operators’ mining of coal fell within that federal exclusion which was contained in the very definitions of “surface coal mining operations.” Since the federal act was in force in July 1981 by virtue of the legal effect of the 1980 injunction, the commission was without regulatory authority over the operators’ incidental coal mining operations as they were thus being conducted.
Under the regulatory procedures of the federal act, the incidental removal of coal by the operators in such limited amounts as was here stipulated did not obligate the owners in July 1981 to comply with any prior regulation of the commission made pursuant to, or established by, the 1975 Alabama act. The commission could not enforce the same as to the alleged July 1981 violations as against these operators.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.

. It is of interest to note that Alabama’s present statute upon the subject, which was enacted in 1981, contains almost identical language to that contained in the above proviso in the federal act. § 9-16-99(4), Code of Alabama 1975. Consequently this opinion shall have little or no future application except as being the law governing this particular case.